UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| ROSELYN PUISSEGEUR et al. | CIVIL ACTION |
| VERSUS | NO. 06-8144 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION "C"<br>MAGISTRATE 1 |

ORDER AND REASONS

Before the Court is a Motion to Remand filed by the Plaintiff, [Rec. Doc. No. 9] alleging that this court lacks diversity subject matter jurisdiction. This motion was set for hearing on the briefs on January 24, 2007. The Defendant, State Farm Fire and Casualty opposes this Motion. Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that the Motion to Remand is **GRANTED.**

**I.    BACKGROUND**

On August 28, 2006, the Plaintiffs filed a Petition in the Civil District Court for the Parish of Orleans, seeking payment from the Defendant for items stolen from their house. [Rec. Doc. No. 9, p. 1] The case does not involve wind, rain or flood claims. Id. On October 16, 2006, the Defendant filed its Notice of Removal and the case was removed to this Court. The Defendant argues in its Notice of Removal that this Court has jurisdiction based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 and/or diversity jurisdiction pursuant to 28 U.S.C. §

1369(a).

## II.     LAW AND ANALYSIS

### A.     Remand

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction. See, 28 U.S.C. §1441 (2006). The district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. See, 28 U.S.C. § 1332 (2006). For diversity jurisdiction to attach, there must be complete diversity, i.e. the citizenship of every plaintiff must be diverse from the citizenship of every defendant. Strawbridge v. Curtiss, 7 U.S. 267, 3 Cranch 267, 2 L.Ed 435 (1806).

In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists. See, De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir.1995), cert. denied, 516 U.S. 865 (1995).  Any ambiguities are construed against removal. Tomlinson v. St. Paul Fire and Marine Insurance Co., 2006 WL 2632105 citing Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).

### B.     Amount in Controversy

The Defendant, in its Notice of Removal, states that the jurisdictional amount of $75,000 is met in this case because the Plaintiff's dwelling and contents coverage limits were $196,451 and $147,338, respectively.  [Rec. Doc. No. 1, p. 5]. The Defendant also cites the fact that the Plaintiffs are seeking penalties under Louisiana law which carry a penalty of up to 25%, and penalties under a different Louisiana statute which carries a penalty of double the damages sustained or $5000, whichever is greater. Id. Therefore, State Farm alleges that it is facially

apparent from the Petition that the amount in controversy likely exceeds $75,000.

In the Plaintiffs' Motion to Remand, the Plaintiffs argue that the sworn Personal Property Inventory Form should not conclusively determine the amount of damages. The document was not an affidavit, nor was it sworn in front of a Notary. The form was filled out by the Plaintiffs soon after the hurricane with little knowledge of the true value of the items missing. The Plaintiffs were also instructed to list all missing items, even those for which the Plaintiffs could not seek coverage. The Defendant avers that the replacement cost of the items claimed is $189,673. However, this number does not take depreciation into account. Given the inaccuracy of the evidence presented to the Court, the Court finds the damages alleged to be ambiguous.

In general, courts evaluate the facts supporting jurisdiction at the time of removal. Gebbia v. Wal-mart Stores, Inc., 233 F.3d 880, 883 (5th Cir.2000); Simon v. Wal-mart Stores, Inc., 193 F.3d 848, 851 (5th Cir.1999). Therefore, "post-removal affidavits, stipulations, amendments reducing the amount do not deprive the district court of jurisdiction." Simon, 193 F.3d at 851; St. Paul Mercury Indemn. Co. v. Red Cab Co., 303 U.S. 283, 293 (1938). However, post-removal affidavits may be considered if the basis for jurisdiction is ambiguous at the time of removal. Cleary v. Murphy Oil USA, Inc., 2003 WL 21977163 (E.D. La. 2003), citing Gebbia, 233 F.3d at 883. While the Defendants claim that Plaintiffs' Personal Property Inventory Forms establish by a preponderance of the evidence that the claim is worth more than $75,000, the Plaintiffs argue that the list was merely a list of what was stolen, not a list of the items they could actually claim coverage for under their policy, or the true value that those items retained. The Plaintiffs filled out these forms shortly after Hurricane Katrina, without reference to records upon which to base these estimated losses.

Because the amount in controversy was ambiguous at the time of removal, the Court may consider a stipulation regarding the amount in controversy. Gebbia, 233 F.3d at 880. Submitted with this Motion to Remand was an Irrevocable Stipulation signed by the Plaintiffs wherein the Plaintiffs have agreed that the amount in controversy does not exceed $75,000, exclusive of interest and costs, and that the total damages sought by the Plaintiffs does not exceed $75,000, exclusive of interest and costs. [Rec. Doc. No. 9-3]. The Plaintiffs have agreed to renounce any portion of any judgment in this matter that exceeds $75,000, exclusive of interest and costs, and that "the Plaintiffs will not seek to enforce or collect upon the portion of any judgment rendered in this matter which exceeds $75,000, exclusive of interest and costs, in any court of any jurisdiction." [Rec. Doc. No. 9, p. 5].

Therefore, the Court finds that it was not facially apparent at the time of removal that the amount in controversy in this case exceeded $75,000.00, and the ambiguity concerning the amount in controversy should be resolved in favor of remand since the Plaintiffs have signed and filed into the record a Stipulation that their damages will not exceed $75,000.00. See Cleary v. Murphy Oil USA, Inc., 2003 WL 21977163 (E.D. La. 2003)(holding that remand was proper where the amount in controversy was ambiguous and the Plaintiffs were willing to stipulate into the Record that the damages would not exceed $75,000).

C.   **Multiparty, Multiforum Trial Jurisdiction Act (MMJTA)**

Defendant also avers in its Notice of Removal that removal is proper under the Multiparty, Multiforum Trial Jurisdiction Act (MMJTA). However, this Court has ruled that subject matter jurisdiction under the Multiparty Multiforum Trial Jurisdiction Act, 28 USC §1369(a) is lacking in cases involving Hurricane Katrina. Specifically, in Fidelity Homestead

Ass'n v. Hanover Ins. Co., 458 F.Supp.2d 276, 282 (E.D. La. 2006), this Court held that Hurricane Katrina was not an "accident" within the terms of § 1369. Therefore, jurisdiction in this case cannot be predicated upon this statute. Id.

**D.    28 U.S.C. 1441(e)(1)(B)**

Finally the Defendant argues that removal is proper under 28 U.S.C. 1441(e)(1)(B), which states that:

> a defendant in a civil action in a State court may remove the action to the district court of the United States for the district and division embracing the place where the action is pending if...(B) the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

28 U.S.C. 1441(e)(1)(B). State Farm argues that because State Farm is a "party to an action which is or could have been brought" under Section 1369 in a U.S. district court and arises from the same "accident" as the action in state court, this action should remain in federal court. The same "accident" that State Farm alleges is Hurricane Katrina. State Farm argues that because it is a defendant in several other Katrina -related cases that were properly removed based on diversity jurisdiction, that those cases may also serve as a basis for removing the present case. This Court disagrees. The case before this Court involves theft from a residence, and does not involve wind, rain or flood damage issues. Further, as previously mentioned, Section 1369 is not a proper mode of removal in this Court for a Hurricane Katrina case, as the Court does not recognize Hurricane Katrina as an accident within the terms of Section 1369.

**III.    CONCLUSION**

For the reasons stated above, IT IS ORDERED that this matter be and hereby is

5

REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 24th day of January, 2007.

                                              HELEN G. BERRIGAN
                                              UNITED STATES DISTRICT JUDGE